IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

    Plaintiff,                              No. 2:11-cv-2215-KJM-EFB PS

    vs.

KRITAEN MCCULLEY, et al.,

    Defendants.                          <u>ORDER</u>

        On April 16, 2012, this action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21), and all hearing dates then set before the district judge were vacated. *See* Dckt. No. 31. Because this case has not yet been scheduled pursuant to Federal Rule of Civil Procedure 16(b), a status (pretrial scheduling) conference will be set before the undersigned.

        Accordingly, IT IS HEREBY ORDERED that:

        1. A status (pretrial scheduling) conference is set for August 29, 2012, at 10:00 a.m. in Courtroom No. 24 before the undersigned.

        2. In light of the joint status report filed on June 25, 2012 by plaintiff and defendant McCulley, Dckt. No. 29, as well as the separate status report filed by defendant Adams on July 2, 2012, Dckt. No. 32, the parties need not file a further status report in advance of the status

1

conference. However, if those parties elect to file a revised status report, any such report shall be filed on or before August 15, 2012.

3. Failing to obey federal or local rules, or order of this court, may result in dismissal of this action. Even though the court will construe pro se pleadings liberally, pro se litigants must comply with the procedural rules.

4. All parties are reminded of their continuing duty to notify chambers immediately of any settlement or other disposition. *See* L.R. 160. In addition, the parties are cautioned that pursuant to Local Rule 230(c), opposition to granting of a motion must be filed fourteen days preceding the noticed hearing date. The Local Rule further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party." Moreover, Local Rule 230(I) provides that failure to appear may be deemed withdrawal of opposition to the motion or may result in sanctions. Finally, Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

DATED: July 3, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE