UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT N. JOHNSON, | No. 2:11-CV-2215 KJM EFB |
| Plaintiff, | |
| v. | ORDER |
| KRITAEN McCULLEY, et al., | |
| Defendants. | |

On August 22, 2011, plaintiff filed a complaint alleging violations of the Americans With Disabilities Act, 42 U.S.C. §§ 12101, *et seq*., and California Civil Code §§ 51(f) and 52 against Kritaen McCulley, dba Green Jade Massage Therapy; Sonia Adams, dba Mrs. Sara; Vinod Sharma, Rajminder Sharma, Om Kapoor and Anjana Kapoor. ECF No. 1.

Between September 27 and November 23, 2011, plaintiff filed proof that the summons and complaint had been served on McCulley, Adams, Vinod Sharma, Anjana Kapoor, Om Kapoor and Rajminder Sharma. ECF Nos. 5, 6, 9, 12, 13. On plaintiff's request, the clerk entered defaults as to all the defendants. ECF Nos. 8, 11.

On January 20, 2012, plaintiff filed a motion for default judgment as to all defendants. ECF No. 18. Defendants McCulley and Adams appeared at the hearing before the magistrate judge, who set aside the default as to these two defendants, gave them time to answer, and denied the motion for default judgment without prejudice. ECF Nos. 19, 20. Although the

1

1    docket reflects that the clerk modified the entry of default to set it aside entirely, that action went
2    beyond the scope of the magistrate judge's order. *See* ECF 8. Defendants McCulley and Adams
3    filed answers on March 30, 2012. ECF Nos. 21, 22. Thereafter this court referred the case to the
4    magistrate judge, who held a pretrial scheduling conference on August 29, 2012. ECF No. 35.
5    The court set the case for trial on October 7, 2013. ECF No. 36.

6             On June 27, 2013, plaintiff filed a notice of settlement, saying only that "the
7    parties have settled this action." ECF No. 37. On July 1, 2013, the magistrate judge directed the
8    parties to file dispositional documents within thirty days. ECF No. 38.

9             On August 1, 2013, plaintiff filed a request for an additional thirty days in which
10   to file dispositional documents, saying only, "Plaintiff and Defendants are in the process of
11   finalizing a settlement agreement and require longer than the 30 day grace period." ECF No. 39.
12   The court granted the request. ECF No. 40.

13            On September 6, 2013, plaintiff filed an untimely request for a second extension of
14   time, saying only that "Plaintiff has provided Defendants with a settlement agreement; however,
15   Defendants require additional time to review the terms of the settlement agreement." ECF
16   No. 41.

17            On September 20, 2013, this court issued an order directing plaintiff to show cause
18   why this action should not be dismissed for failure to prosecute and to serve defendants. ECF
19   No. 42. Plaintiff then filed proofs of service of the court's order on defendants McCulley and
20   Adams. ECF Nos. 43, 44.

21            On September 27, 2013, plaintiff filed a response to the order to show cause,
22   explaining that "[o]n June 27, 2013, the Plaintiff spoke with Defendant, Vinod Sharma, who
23   stated the settlement is accepted, but the Defendants needed to decide who would handle each
24   portion of the settlement agreement." ECF No. 45 ¶ 3. Thereafter plaintiff mailed a copy of the
25   settlement agreement to Vinod Sharma and talked to him on July 12. *Id.* ¶¶ 4-5. Plaintiff did not
26   attempt to reach Vinod Sharma again until August 20, 2013, leaving a message. *Id.* ¶ 8. Not until
27   after this court denied plaintiff's request for a second extension did plaintiff again attempt to
28   reach Vinod Sharma. *Id.* ¶ 11. On September 27, 2013, Vinod Sharma said he would accept full

1  responsibility for the settlement and asked for a change to the settlement agreement. *Id*. ¶ 12.
2  Plaintiff says he is in the process of circulating a stipulated dismissal, but provides no timeline for
3  completion of settlement. *Id*. He has filed nothing in the nearly thirty days since responding to
4  the order to show cause.

5  Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss an
6  action if a plaintiff fails to prosecute. A 41(b) dismissal "'must be supported by a showing of
7  unreasonable delay.'" *Omstead v. Dell, Inc*., 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting
8  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

9  Prior to dismissing for failure to prosecute under Rule 41(b), the court must
10 consider the factors outlined in *Henderson* namely: "(1) the public's interest in expeditious
11 resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the
12 defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
13 availability of less drastic sanctions." 779 F.2d at 1423. "The district court has the inherent
14 power sua sponte to dismiss a case for lack of prosecution." Id.

15 First, the public has an interest in expeditious resolution of litigation. Here,
16 plaintiff has failed to secure a settlement apparently reached in June, making only periodic
17 inquiries, prompted by deadlines, about the progress of the settlement. The first *Henderson* factor
18 weighs in favor of dismissal.

19 Second, plaintiff's delays have interfered with management of this court's docket.
20 The court has expended judicial resources in addressing plaintiff's requests for extensions of time
21 and setting deadlines, which plaintiff has nevertheless ignored. *See Yourish*, 191 F.3d at 990
22 (finding the district court's interest in managing its docket strongly favored dismissal because
23 "[p]laintiffs tardily filed their motion for a written order, requiring the district court to devote
24 further time and resources to this matter rather than to the merits of an amended complaint.").
25 Moreover, plaintiff has not shown good cause for any of his extension requests, making no
26 attempt to do so until the court issued the order to show cause. This second factor also weighs in
27 favor of dismissal.
28 /////

The third factor does not necessarily favor dismissal, as plaintiff is pursuing settlement with a person who has never appeared in this action; dismissal will favor the two defendants who have appeared.

Regarding the fourth factor, as the Ninth Circuit explained in *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991), "[a]lthough there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." The court finds this factor to favor dismissal. So far as the court can determine, plaintiff has done little to move this case toward a disposition on the merits. The court cannot tell from plaintiff's documents whether he has reached a settlement with the two defendants who have appeared in the action, as his response to the order to show cause identifies the settling defendant as one against whom the clerk has entered default.

As for the fifth and final factor, "[t]he district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424 (citing *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir.1981)). Given plaintiff's failure to do anything but contact a single defaulted defendant about the settlement, and then generally only in response to a looming deadline, it is unclear what sanction apart from dismissal will adequately encourage plaintiff to prosecute his case responsibly, particularly in light of his law degree, membership in the California Bar, and substantial track record of litigating in this court. *See Nevijel*, 651 F.2d at 674 ("less drastic alternatives include allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel"); *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 832 (9th Cir. 1986) (finding dismissal appropriate after the court granted several pretrial conference continuances, plaintiff was not prepared for the conferences, and plaintiff was warned that failure to be prepared would result in a dismissal). The court finds this factor also favors dismissal.

/////

/////

III.     CONCLUSION

*Henderson* factors one, two, four and five weigh in favor of the sanction of dismissal with prejudice, and factor three does not clearly favor dismissal. Given plaintiff's pattern of dilatory conduct despite the many opportunities this court has provided, the court finds "that the future [holds] only the prospect of continued improprieties." *Chism v. National Heritage Life Ins*. Co., 637 F.2d 1328, 1332 (9th Cir. 1981), *overruled on other grounds*, Bryant v. Ford Motor Co., 844 F.2d 602 (9th Cir. 1987), *order vacated by* 488 U.S. 986 (1988). Plaintiff's claims are therefore DISMISSED with prejudice. This case is closed.

IT IS SO ORDERED.

Dated: October 29, 2013.

_____
UNITED STATES DISTRICT JUDGE